UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 23-md-03084-CRB  (LJC) |
| This Document Relates To:<br>*B.L. v. Uber Technologies Inc.*,<br>No. 24-cv-07940. | **ORDER REGARDING JOINT LETTERS AND ADMINISTRATIVE MOTIONS TO CONSIDER SEALING**<br>Re: Dkt. Nos. 5802, 5803, 5804, 5805 |

The parties have filed two joint letters (and related motions to consider sealing) presenting discovery disputes related to the *B.L.* bellwether case.  The Court addressees those filings as follows.  This Order presumes the parties' familiarity with the record, the history of the case, and background principles of civil discovery in federal court.

### A.    Requirement to Seek Leave of Court for Untimely Discovery and Disputes

Case-specific discovery for the first wave of bellwether trials (except for *WHB 318*) closed last fall.  Civil Local Rule 37-3 sets a deadline of seven days after an applicable discovery cut-off to file discovery-related motions.  One might generously describe the parties' compliance with those deadlines in this litigation as "inconsistent."  On February 18, 2026, the Court therefore ordered that any party seeking "to serve further case-specific discovery or raise further case-specific discovery disputes with respect to the [those cases] must seek the Court's leave through, at the option of the party seeking such leave, either an administrative motion consistent with Civil Local Rule 7-11 or a joint letter consistent with Pretrial Order No. 8."  Dkt. No. 5270 at 1.  The Court's subsequent Order setting "backstop" deadlines for any discovery disputes or requests that have lingered beyond an applicable cut-off did not alter that requirement.  Dkt. No. 5450 at 2 ("[T]he parties must still seek leave to raise case-specific discovery issues on or before the

backstop deadline . . . .").[1]

On April 9, 2026, Uber filed administrative motions to consider whether to seal (based on Plaintiff's confidentiality designations) two joint letters regarding discovery disputes related to the *B.L.* bellwether case, along with all exhibits thereto.  Dkt. Nos. 5802, 5803.

No party has specifically sought leave to raise these disputes after the applicable Rule 37-3 deadline, or made any reference to this Court's Orders requiring such leave.  The "Joint PTO 8 Letter Regarding Collateral Source and Treater Depositions," Dkt. No. 5803-3, at least addresses the good cause standard for discovery after an applicable deadline, ultimately seeks permission to take depositions after the close of discovery, and could perhaps be construed as a request for leave as required by the Court's previous Orders.  The Court therefore resolves that dispute below, but admonishes the parties that future disputes subject to the previous Orders requiring leave of court should address that requirement specifically.

The same cannot be said for the "Joint PTO 8 Letter Regarding Deficient Productions by Plaintiff B.L.," Dkt. No. 5802-3, which is effectively a motion to compel presented without leave of court.  That joint letter and its related sealing motion are STRICKEN sua sponte for failure to seek leave as required by the Court's February 18, 2026 Order, Dkt No. 5450 at 1, without prejudice to Uber seeking leave to refile that letter in compliance with that Order.  This Order does not reach the question of whether such leave might be appropriate and should not be construed as implying any opinion on that issue.

### B.    Joint Letter Regarding Depositions

The "Joint PTO 8 Letter Regarding Collateral Source and Treater Depositions" concerns Uber's efforts to depose eight additional witnesses based on Plaintiff's purportedly belated disclosure of those witnesses' relevance.  *See generally* Dkt. No. 5803-3 (provisionally under seal).  The Court has serious concerns about the timing of this dispute as to at least some witnesses, whose relevance seems to have been apparent to Uber almost six months ago, only days

---

[1] Since the Court issued those Orders, Uber followed that procedure to seek leave to take a belated deposition, which the Court denied for failure to show good cause, i.e., diligence in declining to deposing the witness before the close of discovery.  Dkt. Nos. 5496, 5568.

or weeks after the discovery cut-off. *See, e.g.*, *id.* at 3 (Uber's arguments, discussing disclosures in Dr. Mechanic's report served "[j]ust four days after the discovery deadline" and in Plaintiff's October 30, 2025 amended discovery responses).[2]  The Court declines to resolve that question of timeliness, however, because Plaintiff does not dispute that Uber should be permitted to depose each of these witnesses.  Plaintiff instead seeks "a time limit of 5 hours for all further depositions," apparently in aggregate.  *Id.* at 7.  Uber states in a footnote that it previously offered a limit of "five hours per deposition," but not believes "any artificial time limit for these depositions is inappropriate."  *Id.* at 2 n.2.

Taking into account Plaintiff's non-opposition to these further depositions occurring at all, the late stage of this case, and the extensive discovery already completed,[3] the Court hereby allows Uber to serve subpoenas to depose the additional witnesses at issue (L.P., R.H, M.B., L.B., G.B., S.S., J.L., and T.R.) but sets a presumptive limit of two and a half hours of questioning per deposition.  At the end of that time, if Uber believes additional time is necessary to address issues that are relevant and proportional to the needs of the case, counsel shall meet and confer as to the basis for that request.  If they cannot agree, Plaintiff or the witness may suspend the deposition and the parties may present a joint letter (without seeking leave under Dkt. No. 5270) no later than one week after the date of the deposition, addressing whether the deposition should be reopened. This Order should not be construed as suggesting that the full two and a half hours will be necessary for each witness, or that none of these witnesses might warrant longer questioning.

The depositions allowed above must be completed no later than May 29, 2026.

## C.    Accusations of Misconduct

Each side accuses the other of misconduct, including but not limited to purported perjury by Plaintiff, purported abusive questioning by Uber of Plaintiff's medical providers that led to them dropping her as a patient, and purportedly unnecessary disclosure of highly sensitive personal information about Plaintiff to Plaintiff's estranged father.  Because neither side seeks

---

[2] For other witnesses, Uber argues that disclosures occurred as late as this month.
[3] Plaintiff asserts, and Uber does not dispute, that Uber has already taken sixteen fact witness depositions in this bellwether case.  Dkt. No. 5808-3 at 5 & n.13.

specific relief or sanctions for such misconduct, and some of their allegations may fall outside the scope of discovery matters referred to this Court, the Court declines to resolve those contentions. That should not be construed as excusing or downplaying the seriousness of the parties' allegations.

Short of resolving these contentions, the Court has determined that it is necessary to provide guidance to the attorneys regarding how discovery shall be conducted in these Uber sexual assault and misconduct cases. To that end the Court will speak to counsel for Uber and B.L. at a discovery status conference on a date to be determined. To facilitate the scheduling of that status conference, the parties shall file a joint statement no later than April 16, 2026 identifying: (1) the name(s) of the attorney(s) representing B.L. who worked with her to prepare her amended discovery responses to Uber; (2) the name(s) of the attorney(s) representing Uber who conducted or were presented for the deposition of B.L.'s father P.L.; and (3) three dates and times in the next three weeks when all of those attorneys would be available for a status conference in person. The identification of these attorneys should not be construed as indicating that there has been any finding of sanctionable conduct against them or that this will be a hearing regarding their conduct; rather this is a status conference to discuss the parameters for case-specific discovery. The proposed times should take into account the Court's availability as indicated by the schedule of upcoming proceedings at https://cand.uscourts.gov/ljc/.

### D.     Irregularities Regarding Sealing

The Court notes that the administrative motions to consider sealing the joint letters and their exhibits in their entirety likely do not comply with this Court's Civil Local Rule 79-5. *See* Civ. L.R. 79-5(a) ("A party must . . . minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)."); Civ. L.R. 79-5(e) ("Motions to seal entire pleadings or briefs are strongly disfavored and will be granted only in extraordinary circumstances."). Absent a showing of extraordinary circumstances, future joint letters that relate to sensitive information must be filed at least in redacted form in the public record. In this instance, however, the Court will excuse the initial failure to file a redacted public version of the joint letter regarding

4

depositions and will address sealing of portions of that letter after Plaintiff files her forthcoming statement in support of sealing. *See* Civ. L.R. 79-5(f)(3). Plaintiff need not file a statement regarding the stricken joint letter regarding production of documents, which will remain under seal and which the Court will not consider for any purpose.

Uber also filed additional copies of the joint letters and their exhibits under seal, with the docket entry text for those filings referencing a sealing order that Judge Breyer issued in October of 2025 regarding unrelated documents submitted in connection with an unrelated dispute. Dkt. Nos. 5804, 5805 (referencing Dkt. No. 4142). Those additional copies are STRICKEN sua sponte as redundant and as filed under seal without leave. The Court presumes that the filing of additional sealed copies of these letters with reference to an unrelated sealing order was in error and will not be repeated.

**IT IS SO ORDERED.**

Dated: April 12, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

5